Argued and submitted July 16, reversed in part, affirmed in part August 8, reconsideration denied September 14, petition for review denied October 9, 1984 (298 Or 68)

BURRIS et al,
*Appellants,*

*v.*

SCOTT et al,
*Respondents.*

(83-586; CA A30038)

685 P2d 1020

Harrison R. Winston, Roseburg, argued the cause and filed the briefs for appellants.

George T. Gant, Coos Bay, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this action to recover the balance due on an open account, defendants asserted the defense of accord and satisfaction and also filed a counterclaim for damages for plaintiffs' alleged interference with defendants' economic relationships. All issues were submitted to a jury, which returned a verdict in favor of defendants on plaintiffs' complaint and a verdict for defendants on their counterclaim, including punitive damages.

Although the issues as framed in the briefs are murky, our review of the case leads us to the conclusion that defendants' accord and satisfaction defense, because it was successful, precluded defendants from claiming damages on their counterclaim. Although there was no real dispute as to the existence of the open account on the amount defendants owed plaintiffs, there is evidence from which the jury could have found that defendants paid the account by "selling" their routes, the names of their customers and information concerning those customers, including the prices those customers were paying defendants for their products, and by paying, in addition thereto, the sum of $1,000 to Dun & Bradstreet, to whom the account had been turned over by plaintiffs for collection.

Although the evidence supporting that defense was sparse, it was sufficient to submit to the jury. However, having prevailed on that defense, there was no predicate on which defendants could contend successfully that plaintiffs, by taking over defendants' routes and customers, had interfered with defendants' economic relationships with those customers. Defendants cannot have it both ways, and the judgment on their counterclaim must be reversed.

Judgment for defendants on their counterclaim reversed; in all other respects, affirmed.